IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02549-MSK-KLM

URSULA S. JOOSTEN,

    Plaintiff,

v.

DEPUY ORTHOPAEDICS, INC., 700 Orthopaedic Drive, Warsaw, IN 46581,
DEPUY, INC., 700 Orthopaedic Drive, Warsaw, IN 46581,
JOHNSON & JOHNSON INT'L, One Johnson & Johnson Plaza, New Brunswick, NJ 08933, and
JOHNSON & JOHNSON, One Johnson & Johnson Plaza, New Brunswick, NJ 08933,

    Defendants.

_____

## ORDER STAYING CASE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Unopposed Motion to Stay Proceedings Pending Decision of the Judicial Panel on Multidistrict Litigation Regarding MDL No. 2197 –** *In Re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation* [Docket No. 21; Filed November 30, 2010] (the "Motion"). Defendants request a stay of proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL").  The MDL Panel's decision could result in the consolidation of this and other similar actions into one proceeding.

    IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  Although stays are generally disfavored, "[t]he Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-

KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (unpublished decision) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'" *See Lundy*, 2009 WL 1965521, at *1 (quoting *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 809 (C.D. Cal. 1998)).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with her case against the burden on Defendants of going forward. *Id.* Here, both Plaintiff and Defendants agree that a stay is appropriate while the MDL Panel decides whether to combine all related products liability actions. Defendants expect the MDL Panel decision to be forthcoming, see *Motion* [#21] at 2, thus minimizing any potential prejudice to the parties were a lengthy stay expected. The Court also notes that the remaining relevant factors, i.e., the Court's efficiency, and interests of nonparties and the public in general, do not prompt a different result. *See String Cheese*, 2006 WL 894955, at *2. Indeed, "judicial economy is best served by granting a stay pending the MDL Panel's decision." *Lundy*, 2009 WL 1965521, at *1-2.

IT IS FURTHER **ORDERED** that the case is **STAYED**, including all case deadlines, until such time as the MDL Panel issues a decision regarding MDL No. 2197 – *In Re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for December 16, 2010 at 11:00 a.m. is **vacated** and will be reset at a later date, if appropriate.

Dated: December 1, 2010

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge